## GOODALL *v.* HARRIS.

The decree of a probate court is considered as made and entered as of the last day of the term, if the court be in session more than one day, unless a minute be made of record, indicating an earlier day.

APPEAL from the decision of the commissioner appointed to examine and allow the claims of the creditors of Absalom Harris, late of Bath, deceased, under the administration of the defendant. It appeared that the report of the commissioner was returned and accepted at a court of probate holden on the third Tuesday, being the twenty-first day of August, 1849, and continued through that and the following day. It further appeared, from the affidavits of the judge and register of probate, that the action of the court upon the report was on the first day of the term, or session. The claim or petition for appeal was filed in the probate court on the twenty-first day of September next following, and the administrator moved that the appeal be dismissed, because the same was not taken by petition to the judge of probate, filed in the probate office within thirty days after the acceptance of the report of the commissioner.

*I. & S. H. Goodall,* for the appellant.

*Hibbard,* for the appellee.

WOODS, J. From an early period in this State certain days have been fixed by law for the higher courts to commence their sessions, which, in analogy with the English practice and in adoption of the phraseology used in regard to the courts of Westminster Hall, have been denominated the terms of court. Unlike the terms of those courts, however, they are *sine termino,* and may be extended through as many days as the exigencies of business may

Goodall *v.* Harris.

require—no days being here regarded as *dies non juridici*, except Sunday, which merely suspends the functions of the court for the time.

Terms have, in like manner, within a comparatively recent period, been assigned and fixed by law for holding the courts of probate, which formerly observed a different order, and might have been considered, perhaps, as having no terms, but for general purposes as being always open.

By a theory like that of the court of Westminster, we regard a term of court for ordinary purposes as an indivisible point of time, and the judgments and other acts as being entered and done on the last day. Or, in the unexceptionable language of Chief Justice *Richardson*, in the case of *Strafford Bank* v. *Carroll*, 2 N. H. 324: "According to the practice in this State, judgment may be entered on motion any day during the term, in which case a minute is made upon the record of the time of entering it; and the time so minuted upon the record is in all cases considered the true time of entering the judgment. But when the time of entering judgment is not minuted upon the record, the general intendment of the law is here, that it is entered upon the last day of the term."

In this respect the practice in Massachusetts is the same with ours. *Herring* v. *Polly*, 8 Mass. 119. But both differ from that of the courts of Westminster, in which the first day of the term is the one from which all the acts of the term date. Com. Dig., Temps, C, 5.

Although what has been said of the terms is rather applicable to the courts whose practice is according to the course of the common law, than to others, yet, since the courts of probate are now placed upon a similar footing, in regard to terms, with the other courts in this State, we are fully justified in adopting the same rule, and in assigning the last day of the term as the day from which the acts of the court in general take their date; and that in reference to the question before us, we may safely adopt the language

Goodall *v.* Harris.

of the Chief Justice in the case cited from our Reports, who says, " that when any thing is limited by statute to be done within a certain time after judgment, the statute must be construed as having a particular reference to the intendment of the law and the practice of courts, as to the time of entering judgment; and the time of limitation must be reckoned from the last day of the term, unless the true time of entering judgment appears upon the record."

In this particular there can be no foundation for a distinction between a judgment and a decree, or an order, nor between different courts, so long as the constitution and practice of the different courts are sufficiently alike to admit readily the same rule to be applied.

In the case before us, it appears by the record that the report of the commissioner on the insolvent estate was accepted at a term of the probate court begun on the twenty-first and ending on the twenty-second day of August. This is all that appears of record, and the intendment of law is, therefore, that the report was accepted on the last day. The affidavits are not to the purpose, and are not admissible to show a different state of facts, since the record is not in conformity with their statement. Com. Dig., title "Execution," D; 1 Burr. 1596; *Heapy* v. *Paris*, 6 D. & E. 369; *Bragner* v. *Langmead*, 7 D. & E. 20; *Strafford Bank* v. *Carroll*, 2 N. H. 326, Woodbury's opinion. Thirty full days, therefore, after the twenty-second day of August, which is by law not to be reckoned, had not expired when the petition for the appeal was entered. It was seasonably made, and the motion to dismiss the same must be denied.

*Motion overruled.*